JOHN LEONARD vs. JOHN F. CLARK, Town Clerk.

PROVIDENCE—OCTOBER 24, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Probate Law and Practice. Executors and Administrators. Bonds.*

Petitioner, executor, and residuary legatee, upon probate of will, gave bond for the payment of debts and legacies; the bond was approved and accepted. After the acceptance of the bond, the Probate Court, of its own motion, and without notice to the petitioner, ordered a further bond to return an inventory. On petition for mandamus :—

*Held,* that under Gen. Laws cap. 220, § 7, petitioner, as executor and residuary legatee, was entitled to letters testamentary upon the giving of the bond.

*Held,* further, that, if an additional bond became necessary, under Gen. Laws cap. 220, § 15, petitioner should have had notice and an opportunity to be heard.

*Held,* further, that the Probate Court could in no event require a bond for an inventory.

MANDAMUS. Heard on citation to show cause, and alternative writ ordered to issue.

(1)    PER CURIAM. The petition shows that the will of Henry Leonard made the petitioner executor and residuary legatee, and that upon the probate of the will he gave bond for the payment of debts and legacies, according to the statute ; that the bond was approved and accepted by the Court of Probate of Cumberland, whereupon he demanded letters testamentary, which the defendant refused to issue.

Upon the citation to show cause why a writ of *mandamus* should not issue, the defendant showed that after the acceptance of the bond, the court, of its motion, and without notice to the petitioner, added to its order for a bond to pay debts and legacies these words : "and a further bond to return an inventory in the sum of twenty-five thousand dollars."

Gen. Laws cap. 220, § 7, provides that if the executor be residuary legatee, he may give a bond only to pay the funeral charges, debts, and legacies of the testator, and need not ren-

der an account to the Probate Court. Under this provision the petitioner was entitled to letters testamentary upon the giving of such bond. If a further bond became necessary, under section 15, the petitioner should have had notice thereof and an opportunity to have been heard in regard to it ; but even under that section the Probate Court could not require a bond for an inventory, that being a part of an account from which the executor is expressly exempted by statute.

The order for the additional bond is void, and the petitioner is entitled to letters testamentary upon the facts shown.

An alternative writ may issue.

*Tillinghast & Murdock*, for plaintiff.

*Edward D. Bassett and Wilbur A. Scott*, for respondent.